# Exhibit 2-T

19-01360-scc Doc 7-3 Filed 10/31/19 Entered 10/31/19 22:45:23 Exhibit 2-T-Del Val Affidavit (Translation) (With Certification) Pg 2 of 11

1



CI-FDF/T/UI-1S/D/00787/09-2018

[Seal that reads
Public Prosecutor's Deputy Office of
Central Crime Investigations
Central Prosecutor's Office for the
Investigation of Financial Crimes
AUG 22, 2019
RECEIVED
CENTRAL OFFICE]

**SUBJECT: PLEA BARGAIN REQUESTED FOR MY BENEFIT.**

RESPECTED PUBLIC PROSECUTOR, HEAD OF
RESEARCH UNIT 6 WITHOUT PERSONS ARRESTED, OF
INVESTIGATING AGENCY "C" FROM THE CENTRAL
INVESTIGATION OFFICE OF FINANCIAL CRIMES,
FROM THE OFFICE OF THE ATTORNEY GENERAL IN
MEXICO CITY.



I, **ALONSO DEL VAL ECHEVERRÍA**, by own right, in my capacity as defendant in this investigation dossier, having as address for service of process that located in Elix Berenguer de Marquina 125-3, Lomas de Chapultepec, Alcaldia Miguel Hidalgo, CP 11000, in Mexico City; based on the provisions of article 20, section B, subsection VIII of the Political Constitution of the United Mexican States; 113, 115 and other related and applicable provisions of the National Code of Criminal Procedures, appoint Mr **FERNANDO REYGADAS ANFOSSI** as my defense attorney; and before you, with all due respect, appear and state that:

I learned recently through the national media that this undersigned has been related as one of the accused for the acts investigated in this investigation dossier, acts which basically consist of the improper use of resources property of the entities ORO NEGRO DECUS PTE. LTD., ORO NEGRO IMPETUS PTE. LTD., ORO NEGRO FORTIUS PTE. LTD., ORO NEGRO LAURUS PTE. LTD. and ORO NEGRO PRIMUS PTE. LTD.



I am also aware that, as a result of these events, on July 16 this year you requested the Arraignment Judge from the Superior Court of Justice in Mexico City to issue an arrest warrant against me for the embezzlement and/or fraudulent administration, committed [Signature]

[Seal that reads:
PROSECUTOR'S GENERAL
OFFICE OF THE FEDERAL
DISTRICT
CENTRAL PROSECUTOR'S
OFFICE FOR THE INVESTIGATION
OF FINANCIAL CRIMES
INVESTIGATION UNIT 6]

1

19-01360-scc Doc 7-3 Filed 10/31/19 Entered 10/31/19 22:45:23 Exhibit 2-T-Del Val Affidavit (Translation) (With Certification) Pg 3 of 11

2

against the said legal entities. I have been informed now that the arrest warrant was effectively issued on that date by Arraignment Judge 102 from the Adversarial Criminal System based in Mexico City.

By virtue of the foregoing, there being no form of violence or pressure on me and with full knowledge of the scope and legal consequences of this my application, as based on the provisions of articles 20, section "B" and 21 of the Political Constitution of the United Mexican States, 221, 256, 257 and other related and applicable provisions of the National Code of Criminal Procedures, **I appear before this Office of the Public Prosecutor to request a plea bargain for my benefit regarding this matter**, because I have useful, efficient, necessary and pertinent information for the proper investigation of the facts subject of this investigation.

Consequently, for you to possess the necessary elements to approve the application of this requested plea bargain, I declare the following facts that are relevant, appropriate and significant for your investigation:

I met Gonzalo Gil White as a representative of Grupo Axis while I was living in Miami, Florida, in the years 2006-2007, because he had lived in that city for several years and has been living there for several months now. Later, in 2012, we had an interview in the time I was seeking to join Grupo Axis. In March, 2013 I joined Integradora de Servicios Petroleros Oro Negro S.A.P.I. de C.V. as Chief Legal Officer, hereinafter I will refer to it as "Integradora" and its affiliated companies, and for the Group I will use "Oro Negro".

As Chief Legal Officer, I was in charge of the legal and corporate structuring issues of the Oro Negro group, the incorporation and creation of companies, the keeping of corporate books and records, of giving legal support to the daily operation of the company, of coordinating migration, maritime, foreign investment and labor issues. I was also in charge of reviewing and negotiating several contracts of the group and coordinating with external lawyers. I also participated actively in the negotiation and preparation of the company's contracts with Petróleos Mexicanos. As chief legal officer, I was granted several powers from the different companies of the group. I reported to the CEO, that is, to Gonzalo Gil White, who was in charge of the company and was the one who made the group's decisions, whether financial, strategic, business or legal. After a long process of mediation and negotiation in the city of New York, United States of America, that ended unsuccessfully in March 2017, I decided to step aside from the company, for it to continue on

[Seal that reads: PROSECUTOR'S GENERAL OFFICE OF THE FEDERAL DISTRICT CENTRAL PROSECUTOR'S OFFICE FOR THE INVESTIGATION OF FINANCIAL CRIMES INVESTIGATION UNIT 6]

[Signature]

2

19-01360-scc   Doc 7-3   Filed 10/31/19   Entered 10/31/19 22:45:23   Exhibit 2-T-
Del Val Affidavit (Translation) (With Certification)   Pg 4 of 11

3

its track and process, because I did not glimpse an exit that would give viability to the company and I did not fully agree with the decisions and strategy they were following.

Now, Integradora was incorporated on December 17, 2009 to provide services to the oil industry. Axis Capital Management ("Axis") made an effort of coordination to obtain resources for this project. On February 17, 2012, several individual and institutional shareholders, including Axis, entered into an agreement among shareholders pledging to capitalize Integradora to begin the operation of the company.

Oro Negro was a group of around 15 Mexican, American and Singapore companies mainly, all controlled by Integradora, for the provision of services to the oil industry and for the acquisition of the necessary equipment, personnel and services for it. The main companies of the Oro Negro group were:

1) Integradora de Servicios Petroleros Oro Negro S.A.P.I de C.V.
2) Perforadora Oro Negro S. de R.L. de C.V. (formerly Todco Mexico Inc.)
3) Servicios Todco S. de R.L. de C.V.
4) Operadora Oro Negro, S. de R.L. de C.V.
5) Oro Negro Servicios Administrativos S. de R.L. de C.V.
6) Oro Negro Drilling Pte. Ltd.
7) Oro Negro Fortius Pte. Ltd.
8) Oro Negro Laurus Pte. Ltd.
9) Oro Negro Decus Pte. Ltd.
10) Oro Negro Impetus Pte. Ltd.
11) Oro Negro Primus Pte. Ltd.
12) Oro Negro Vastus Pte. Ltd.
13) Oro Negro Offshore Drilling Pte. Ltd.
14) ON Costa Afuera S. de R.L. de C.V.
15) ON Personnel Services S. de R.L. de C.V.

Oro Negro had in its corporate structure a shareholders meeting, a board of directors and a CEO. The CEO of the company was Gonzalo Gil White, and the chairman of the board of directors was José Antonio Cañedo White, both officers of Axis. The CEO was the one in charge of implementing the strategy and making the decisions of the group.

As of February 2012, operations of Oro Negro began. The purchase of shares was made for the acquisition of Todco México Inc. and Servicios Todco S. de R.L. de C.V. on July 31, 2012. ("Todco"). Te purchase of

[Seal that reads:
PROSECUTOR'S GENERAL
OFFICE OF THE FEDERAL
DISTRICT
CENTRAL PROSECUTOR'S
OFFICE FOR THE INVESTIGATION
OF FINANCIAL CRIMES
INVESTIGATION UNIT 6]

[Signature]

19-01360-scc Doc 7-3 Filed 10/31/19 Entered 10/31/19 22:45:23 Exhibit 2-T-Del Val Affidavit (Translation) (With Certification) Pg 5 of 11

4

Todco included its assets, among which was a modular platform known as ("Rig 3") under contract and in operation with Pemex from 2003.

In 2012, Integradora acquired from Jasper Investments two self-elevating platforms: Primus and Laurus ("Primus" and "Laurus"). On October 29, 2012, Oro Negro issued a bond of up to US$ 340 million. The issue was made with the purpose of financing the sale of the Primus and Laurus platforms.

Also, in March 2013, two *Afores* indirectly made an investment in Integradora through a trust managed by Axis. The investment was for the initial amount of US$200,000,000.00. With this investment, Axis represented, controlled and managed, either directly or indirectly, approximately 49% of the capital stock of Integradora, thus becoming the shareholder with the largest interest in Oro Negro.

At the end of July 2013, Oro Negro had acquired 8 self-elevating platforms ("Jackups"), which it acquired in pairs on different dates as per the following calendar and for which it undertook to make the corresponding payments:

| Jackups | Purchase Date | Shipyard |
| --- | --- | --- |
| Primus and Laurus | July 2012 | Keppel Fels |
| Fortius and Decus | November 2012 | PPL |
| Impetus and Vastus | March 2013 | PPL |
| Supremus and Animus | July 2013 | PPL |

In October 2013, Oro Negro issued a short-term bond of US $175 million in the Norwegian market, to finance the purchase of the Fortius Jackup (the "Fortius Bond").

On January 29, 2014, Oro Negro issued a bond of US$ 725 million in the Norwegian market to refinance the bonds issued in October 2012 and October 2013, and to finance the final payment to the shipyard for the construction and delivery of the Decus Jackup (the "Norwegian Bonds").

As of June 2014, Oro Negro owned 4 Jackups (Primus, Laurus, Fortius and Decus) in operation and under contract with Petróleos Mexicanos (Pemex), in addition to Rig 3 that was under contract with Pemex.

In December 2014, Oro Negro issued a bond in the Norwegian market of US $175 million to finance the purchase of the Impetus platform from the shipyard. As of that date, the total amount of financing of Oro

[Seal thereof: PROSECUTOR'S GENERAL OFFICE OF THE FEDERAL DISTRICT CENTRAL PROSECUTOR'S OFFICE FOR THE INVESTIGATION OF FINANCIAL CRIMES INVESTIGATION UNIT 6]

[Signature]

4

19-01360-scc Doc 7-3 Filed 10/31/19 Entered 10/31/19 22:45:23 Exhibit 2-T-
Del Val Affidavit (Translation) (With Certification) Pg 6 of 11

5

Negro amounted to US$ 900 million and had a capital stock of close to US$900 million.

Oro Negro maintained through its company Perforadora Oro Negro S. de R.L. de C.V., hereinafter Perforadora, a commercial, contractual and business relationship with Pemex From 2012 to 2015, it retained the contract of Rig 3, a contract that ended in 2015. Also, the Primus and Laurus platforms were hired by Pemex in April 2013 The Fortius and Decus platforms were hired by Pemex in January 2014. The fifth Impetus platform was hired by Pemex in December 2015.

After previous negotiation and agreements made between Oro Negro and Pemex in 2015 and 2016, in March 2017, Oro Negro was contacted by Pemex to negotiate different adjustments to the daily rental rates of the platforms in the contracts. This was a consequence of the oil barrel price drop and the financial situation that PEMEX was going through. After several months of negotiation, this process ended in August 2017 with an agreement whereby Oro Negro accepted the reduction and adjustment to the daily rental rates of the platforms for the rest of the contract term at $116,300 per day per platform and subject it to a formula, and, as fas as I know, other Pemex suppliers or contractors also adjusted their rates. Then, once Oro Negro accepted such adjustment to the rates and with the negotiation process with Pemex terminated, it was intended to come to an agreement with Oro Negro's creditors for the Norwegian Bond. However, Gonzalo Gil, having heard the recommendation and suggestion of external advisors, decided to propose to the Board of Directors of Integradora to agree to file for the bankruptcy of Perforadora, which included to request provisional remedies to force PEMEX to continue paying at the rate of the contracts, that is, at about $160,000 per day per platform for 4 of the platforms and $130,000 for Impetus. In the last negotiation with PEMEX, where we reached the agreement as above, representing ORO NEGRO participated Gonzalo Gil White, the director of operations, the chief financial officer and myself It should be mentioned that during the negotiation of the contracts with PEMEX for the reduction of the rates, no bribe was requested, as far as I know, from ORO NEGRO, from any of its managers or employees by any PEMEX official to condition the rates or not to cancel the contracts

Perforadora Oro Negro filed bankruptcy on September 11, 2017 and was admitted for processing on October 5, 2017 by the Second District Judge in Civil Matters in Mexico City under file 345/2017. Such request was made without informing PEMEX or ORO NEGRO's creditors, as it was filed after the negotiations with Pemex ended and in the middle [Signature]

[Seal: PROSECUTOR'S GENERAL OFFICE OF THE FEDERAL DISTRICT CENTRAL PROSECUTOR S OFFICE FOR THE INVESTIGATION OF FINANCIAL CRIMES INVESTIGATION UNIT 6]

5

19-01360-scc Doc 7-3 Filed 10/31/19 Entered 10/31/19 22:45:23 Exhibit 2-T-Del Val Affidavit (Translation) (With Certification) Pg 7 of 11

6

of negotiations with the creditors of the Norwegian Bond. The main purpose of the strategy was to restructure the company's liabilities, and, on the one hand, to obtain a provisional remedy to keep the current contracts between Oro Negro and Pemex and obtain the payment of approximately $160,000 dollars per day for 4 of the platforms and $130,000 dollars for the fifth platform and, on the other hand, to get a remedy for Oro Negro to stop paying interest to its creditors.

Once Perforadora filed bankruptcy, a Default Event, as provided for by clause fifteen, subsection f) of the Bond Loan contract dated April 26, 2016 occurred. Said contract provided for several causes of non-compliance such as failure to pay to creditors in due time, non-compliance with any of the obligations in the Bond Contract, filing bankruptcy, among others, which provided for certain consequences, of which both Gonzalo Gil and the other executives were aware and knew possible, such as dismissal from the positions of directors in the companies of ORO NEGRO DECUS PTE. LTD., ORO NEGRO IMPETUS PTE. LTD., ORO NEGRO FORTIUS PTE. LTD., ORO NEGRO LAURUS PTE. LTD. and ORO NEGRO PRIMUS PTE. LTD and ORO NEGRO DRILLING PTE. LTD. In consequence, as of September 11, 2017, the date on which PERFORADORA filed bankruptcy, we knew that this fact was possible, with which we would no longer have the legal and contractual authorization to continue managing the assets of said Group companies.



Subsequently, we learned that several investigation folders had been filed against us and the company, from one of which, a Criminal Judge in Mexico City decreed the securing of the bank accounts of both the trust and Perforadora, arguing, among other things, that operations had been carried out by Perforadora with "shell companies". Such information was come by through Declarations of Operations with Third Parties, of which it was established as a defense strategy that they were false or fabricated evidence. However, we were informed that this was information effectively sent by SAT.

Also, from the same investigation folder that ruled the securing of Perforadora's bank accounts, we also learned that a restitution order was authorized by a Criminal Judge in Mexico City regarding the 5 platforms, thus allowing creditors to take possession of them with the help of federal authorities. However, Gonzalo Gil White, upon learning of such restitution order, gave instructions to resist and combat the execution of it. To that aim, lawyers were dispatched to each of the platforms, apart from blocking access to the heliport in each and the activation of water cannons on all platforms to prevent the landing of any helicopter. However, it transpired that the legal representative of [Signature]

[Seal that reads:
PROSECUTOR'S GENERAL
OFFICE OF THE FEDERAL
DISTRICT
CENTRAL PROSECUTOR'S
OFFICE FOR THE INVESTIGATION
OF FINANCIAL CRIMES
INVESTIGATION UNIT 6]

6

19-01360-scc   Doc 7-3   Filed 10/31/19   Entered 10/31/19 22:45:23   Exhibit 2-T- Del Val Affidavit (Translation) (With Certification)   Pg 8 of 11

7

the companies owning the platforms had arrived to the DECUS platform together with an agent from the Criminal Investigation Agency and a private security guard.

On the other hand, I am aware that part of the facts under investigation in this folder have to do with the administration and the use of the resources received by Perforadora from trust F/1695. It is important to note that from 2014 to 2015, Perforadora received resources to its accounts, together with interests to the accounts of the now complainants ORO NEGRO FORTIUS, PTE. LTD., ORO NEGRO LAURUS, PTE. LTD., ORO NEGRO PRIMUS, PTE. LTD., and ORO NEGRO DECUS, PTE. LTD. Thus, in this regard I can state, in the first place, that the one making the decisions of what to do with the resources received both in Perforadora and in the complaining companies, was Gonzalo Gil. Also, it is important to point out that the use and priority of payments regarding the trust payments was governed by Clause NINE from the trust agreement. It is then valid to maintain that the resources received by the complaining companies as income was not intended for Perforadora, since there was no reason, in my opinion, that would allow or authorize the transfer of resources from the complaining companies to Perforadora, nor is there, in my understanding, any legal or contractual reasoning to maintain that the resources received by PERFORADORA from the aforementioned trust could be sent to INTEGRADORA.

By virtue of the foregoing, I request of this Office of the Public Prosecutor to request the cancellation of the arrest warrant issued against me, to approve the plea bargain requested and, in due time, to decree in my favor the extinction of the criminal action for the facts matter of this investigation.

Finally, let me mention that I am at your disposal in case this document needs to be ratified, - document that is signed also by my defense attorney thus accepting from this moment on the position that I have conferred on him -, and to contribute with more details, should this Office of the Public Prosecutor thus request.

**WITH THIS MY DECLARATIONS AND DUE EXPLANATIONS, I RESPECTFULLY REQUEST OF YOU, PUBLIC PROSECUTOR:**

**ONE.** To accept my appearance in the terms of this document to request a plea bargain for my benefit.

**TWO.** After completing the relevant legal proceedings, to request the cancellation of the arrest warrant issued against me, to approve the [Signature]

[Seal that reads: PROSECUTOR'S GENERAL OFFICE OF THE FEDERAL DISTRICT CENTRAL PROSECUTOR'S OFFICE FOR THE INVESTIGATION OF FINANCIAL CRIMES INVESTIGATION UNIT 6]

7

8

plea bargain requested and, in due time, to decree in my favor the extinction of the criminal action for the facts matter of this investigation.

RESPECTFULLY

[Signature]

**ALONSO DEL VAL ECHEVERRÍA**

**FERNANDO REYGADAS ANFOSSI**
DEFENSE ATTORNEY OF MR. ALONSO DEL VAL ECHEVERRÍA, WHO ACCEPTS FROM THIS MOMENT ON THE POSITION THAT HAS BEEN CONFERRED ON ME.



[Seal that reads:
PROSECUTOR'S GENERAL
OFFICE OF THE FEDERAL
DISTRICT
CENTRAL PROSECUTOR'S
OFFICE FOR THE INVESTIGATION
OF FINANCIAL CRIMES
INVESTIGATION UNIT 6]

[Signature]

8

JAIME SALVADOR GARCÍA GONZÁLEZ
Attorney at Law / Federal Public Attester Number 61 of Mexico City
Certified Private Mediator Number 253 of Mexico City
&
Official Translator of English-Spanish of the Superior Court of Justice of Mexico City
Dakota 204 Despacho 104
Nápoles
Benito Juárez
03810, Mexico City
☎ 55-55-36-76-84
55-55-43-84-52
55-52-05-95-43
55-11-07-60-47
info@formatuempresa.com.mx
www.formatuempresa.com.mx

---------------------------------------------------------- Certification ----------------------------------------------------------

---------------------------------------------------------- Translation ----------------------------------------------------------

--------------- 1,841/2019 (one thousand eight hundred forty one/two-thousand nineteen) ----------------

---------- Mexico City, September 10, 2019. ----------------------------------------------------------------

---------- Jaime Salvador García González, Attorney at Law, Federal Public Attester number 61 (sixty one) of Mexico City & Official Spanish-English Translator of the Superior Court of Justice of the México City (according to the publication made on page forty eight, Notice Section, of the *Boletín Judicial (Judicial Bulletin)* of the Superior Court of Justice of the Mexico City of March 23, 2018), acting as Spanish-English Translator, certify the following: ----------------------------------------------------------

-------- That the present translation from **Spanish to English**, is true and complete to the best of my knowledge. ----------------------------------------------------------

Jaime Salvador García González
Attorney at Law/Federal Public Attester Number 61 (sixty one) of Mexico City
&
Official Translator of English-Spanish of the Superior Court of Justice of Mexico City

**JAIME SALVADOR GARCÍA GONZÁLEZ**
Corredor Público 61 de la Ciudad de México / Mediador Privado Certificado 253 de la Ciudad de México
Traductor Inglés- Español
Dakota 204 Despacho 104
(Casi esq. con Filadelfia, a lado del WTC)
Nápoles
Benito Juárez
03810, Ciudad de México
☎ 55-55-36-76-84
55-55-43-84-52
55-52-05-95-43
55-11-07-60-47
info@formatuempresa.com.mx
www.formatuempresa.com.mx

------------------------------------------------ Certificación ------------------------------------------------

------------------------------------------------ Traducción ------------------------------------------------

------------------------------ 1,841/2019 (mil ochocientos cuarenta y uno/dos mil diecinueve) ------------------------

--------Ciudad de México, a diez de septiembre del dos mil diecinueve ------------------------------

--------Jaime Salvador García González, Corredor Público número sesenta y uno de la Ciudad de México y Perito Traductor Inglés-Español, Auxiliar de la Administración de Justicia del Tribunal Superior de Justicia de la Ciudad de México (según consta mediante publicación realizada en la página cuarenta y ocho, Sección de Avisos, del *Boletín Judicial del Tribunal Superior de Justicia de la Ciudad de México* del veintitrés de marzo del dos mil dieciocho), en ejercicio de mi carácter de Perito Traductor, certifico y hago constar lo siguiente: ------------------------------------------------

--------Que la presente traducción del Idioma **Español al Inglés**, es fiel y completa a mi leal saber y entender del original que tuve a la vista. ------------------------------------------------

Jaime Salvador García González
Corredor Público número sesenta y uno de la Ciudad de México
y
Perito Traductor Inglés-Español del Tribunal Superior de Justicia de la Ciudad de México